NOT FOR PUBLICATION

FILED

JUN 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEROB KOCHARYAN,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

                Respondent.

No.   19-73117

Agency No. A215 680 316

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,[***] District Judge.

Petitioner Kerob Kocharyan, a native and citizen of Armenia, seeks review of

a decision from the Board of Immigration Appeals (BIA) affirming the denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael Howard Simon, United States District Judge for the District of Oregon, sitting by designation.

requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review agency denials of asylum, withholding of removal, and relief under CAT for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "would be compelled" to conclude to the contrary based on the evidence in the record. *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018) (citation omitted). Here, we conclude substantial evidence supports the BIA's decision and deny Kocharyan's petition.

In removal proceedings before the Immigration Judge (IJ), Kocharyan testified that he fears he will be persecuted and/or tortured if removed to Armenia—where he is a citizen—because his wife was raped by an Armenian oligarch when she was 16 years old and the man who committed the crime remains a powerful political figure in Armenia. Additionally, Kocharyan testified that two of his brothers were killed in Armenia during clashes between Armenians and Azerbaijanis, and that a few times he himself was the victim of "fights and beatings" because of his "Turk origins."

Kocharyan testified he also fears he will be persecuted and/or tortured if removed to Russia—where he lived from 2000 until he arrived in the United States

in 2018—because of his Armenian nationality and/or political opinions concerning the Putin administration.

1. Asylum from Armenia. The agency determined Kocharyan was not eligible for asylum from Armenia because he was "firmly resettled" in Russia before arriving in the United States. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). Kocharyan has waived review of this determination by failing to raise it "specifically and distinctly" in his opening brief before this Court. *See Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (citation omitted). Accordingly, we deny Kocharyan's petition to the extent it seeks review of his denial of asylum from Armenia.

2. Withholding of removal as applied to Armenia. We also deny Kocharyan's petition to the extent it seeks review of his denial of withholding of removal from Armenia. Because Kocharyan was able to travel to Armenia safely—almost annually between 2000 and 2018, and sometimes with his wife and children, to visit his parents who continue to reside there—substantial evidence supports the BIA's determination that Kocharyan failed to establish it is "more likely than not" that he will face future persecution there. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident, or when the applicant has returned to the country without incident." (internal

3

citations omitted)), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

3. <u>Asylum from Russia</u>. Substantial evidence also supports the agency's denial of Kocharyan's petition for asylum as applied to Russia.

4. As to persecution because of Kocharyan's nationality, substantial evidence supports the agency's determination that Kocharyan failed to meet his burden of establishing that the Russian government is "unable or unwilling" to protect him. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1071 (9th Cir. 2005). During a 2005 assault in which Kocharyan was a victim, the police detained Kocharyan's assailants. And during a 2013 assault against Kocharyan, the police "calmed the situation down." Although Kocharyan testified the police "smirk[ed]" while he was being attacked, delayed in rendering him aid, and told him Russia was "for Russians," we conclude this evidence—and the record as a whole—does not compel a conclusion contrary to that reached by the agency.

5. As to persecution because of Kocharyan's political opinions, substantial evidence supports the agency's determination that Kocharyan failed to establish past persecution or a reasonable fear of future persecution. Kocharyan testified police used violence to disperse large crowds at protests Kocharyan attended. But Kocharyan failed to establish he had ever been singled out for mistreatment because of his political opinions, or that anyone is currently searching for him because of his

4

participation in anti-Putin demonstrations. Additionally, the single time Kocharyan was detained for protesting, he was unharmed and released from custody the next day.

6. <u>Withholding of removal as applied to Russia</u>. Because substantial evidence supports the agency's denial of asylum, we conclude substantial evidence also supports its denial of withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

7. <u>Protection under CAT as applied to Armenia and Russia</u>. Lastly, because the BIA correctly and summarily concluded Kocharyan waived his CAT claims on appeal from the IJ, *see Alanniz v. Barr*, 924 F.3d 1061, 1068-69 & n.8 (9th Cir. 2019), Kocharyan's administrative remedies have not been exhausted as to these claims and we lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**